UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------
MILANO ITALIAN FASHION, INC., d/b/a
ITALIA IMPORT & EXPORT CENTER

                              Plaintiff,                Case No.: _____

        -v-

THE TJX COMPANIES, INC., d/b/a TJ MAXX     **COMPLAINT**

                              Defendant.             **[DEMAND FOR JURY TRIAL]**
---------------------------------------------------------------

Plaintiff Milano Italian Fashion, Inc. d/b/a Italia Import & Export Center, ("Milano"), by its attorneys, Lazarus & Lazarus, P.C., for its Complaint against Defendant The TJX Companies, Inc. d/b/a TJ Maxx, ("TJX") alleges as follows:

## NATURE OF THE ACTION

1.  This action arises out of multiple breaches of contract relating to the sale of merchandise. Milano is in the business of importing and distributing apparel, shoes, handbags and fashion accessories. TJX is a discount retailer. TJX issued improper, impermissible and unjustified chargebacks against Milano's invoices for products Milano provided to TJX (the "Wrongful Chargebacks") and has unilaterally, without any justification, alleged that a settlement agreement was entered into by TJX and Milano. The total amount owed to Milano for the Wrongful Chargebacks is at least $756,982.18. Despite repeated requests from Milano for reversal of the Wrongful Chargebacks, TJX has failed to make any payments to Milano. By its conduct TJX has violated Section 11 of Chapter 93(a) of Title XV of the General Laws of the Commonwealth of Massachusetts.

## THE PARTIES

2. Milano Italian Fashion, Inc. is a corporation formed under the laws of the state of Florida, with its principal place of business located at 1090 Waterside Lane Hollywood, Florida 33019.

3. The TJX Companies, Inc. is a corporation formed under the laws of the state of Delaware, with its principal place of business located at 770 Cochituate Road, Framingham, Massachusetts 01701.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over TJX because TJX is a corporation domiciled in the Commonwealth of Massachusetts and it conducts business in the Commonwealth of Massachusetts.

6. Venue is proper within this Court because TJX's principal place of business is located in Framingham, Massachusetts.

7. Venue is proper because the Terms and Conditions of TJX's purchase orders provide that any claim of or relating to the purchase orders shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.

## FACTS

8. Milano is in the business of importing and distributing apparel, shoes, handbags and fashion accessories.

9.  TJX is a discount retailer.

10. In or around November 2016 through December 2017, pursuant to purchase orders submitted in writing by TJX to Milano, TJX purchased large quantities of apparel and apparel accessories from Milano.

11. Milano ships the products pursuant to agreed-upon terms as set forth in the purchase orders.

12. With each shipment, Milano issues an invoice reflecting the item types, quantity, price, and payment terms for the products shipped.

13. TJX is required to pay for products shipped pursuant to Milano's invoices

14. Milano has delivered the products ordered to TJX and issued corresponding invoices for each shipment.

15. In or around March 2018, TJX issued the Wrongful Chargebacks totaling $756,982.18 against various Milano invoices.

16. Per TJX's chargeback reports the reason for this Wrongful Chargeback was listed as "Milano Settlement." Plaintiff Milano has no record of any such "settlement" and has requested that TJX explain the meaning of "Milano Settlement" and the reason for the chargeback. Milano has received no response from TJX to its inquiries

17. The total of $756,982.18 is made up from a series of Six (6) Wrongful Chargebacks summarized below:

| Number | Wrongful Chargeback Amount | Exhibit # Proving Invalidity of Chargeback |
|---|---|---|
| 1 | $43,045.52 | 1 |
| 2 | $64,489.14 | 2 |
| 3 | $136,595.50 | 3 |

| | | |
|---|---|---|
| 4 | $148,938.23 | 4 |
| 5 | $238,400.03[1] | 5 |
| 6 | $125,513.76 | 6 |
| **TOTAL** | **$756,982.18** | |

18.     Attached as **Exhibit 1** are the purchase orders, chargeback reports, invoices and associated documentation disproving the Wrongful Chargeback in the amount of $43,045.52 issued by TJX on or about March 2, 2018 in connection with Milano invoices numbered 10202017-281, 10202017-283, 10202017-285, 10202017-286, 10272017-294, 10272017-296, 11202017-301, 11202017-302, 11202017-303 and 11202017-304.

19.     Attached as **Exhibit 2** are the purchase orders, chargeback reports, invoices and associated documentation disproving the Wrongful Chargeback in the amount of $64,489.14 issued by TJX on or about March 6, 2018 in connection with Milano invoices numbered 10202017-287, 10202017-288 and 10202017-289.

20.     Attached as **Exhibit 3** are the purchase orders, chargeback reports, invoices and associated documentation disproving the Wrongful Chargeback in the amount of $136,595.50 issued by TJX on or about March 10, 2018 in connection with Milano invoices numbered 12052017-312, 12052017-313, 12052017-314, 12052017-315, 12052017-316, 12052017-317, 12052017-318 and 12052017-319.

21.     Attached as **Exhibit 4** are the purchase orders, chargeback reports, invoices and associated documentation disproving the Wrongful Chargeback in the amount of $148,938.23 issued by TJX on or about March 10, 2018 in connection with Milano invoices numbered 12152017-323, 12152017-325, 12152017-326, 12152017-328, 12152017-330, 12152017-331, 12152017-332, 12152017-333 and 12152017-335.

22. Attached as **Exhibit 5** are the purchase orders, chargeback reports, invoices and associated documentation disproving the Wrongful Chargeback in the amount of $238,400.03 issued by TJX on or about March 12, 2018 in connection with Milano invoices numbered 12152017-321, 12152017-322, 12152017-324, 12152017-327, 12152017-329, 12152017-334 and 12152017-336.

23. Attached as **Exhibit 6** are the Purchase Orders, chargeback reports, invoices and associated documentation disproving the Wrongful Chargeback in the amount of $125,513.76 issued by TJX on or about March 12, 2018 in connection with Milano invoices numbered 12152017-321, 12152017-322, 12152017-324, 12152017-327, 12152017-329, 12152017-334 and 12152017-336.

24. The Wrongful Chargebacks were made in breach of the agreements by and between TJX and Milano.

25. On or about March 2, 2018, Arthur H.P.P Maux, the Vice President and Owner of Milano, submitted a claim in writing to TJX requesting that TJX review and reverse the Wrongful Chargebacks (the "March 2, 2018 Email"). A copy of the March 2, 2018 Email from Arthur H.P.P Maux to TJX is attached as **Exhibit 7.**

26. On or about April 26, 2018, TJX sent a letter to Milano denying Milano's claim (the "April 26, 2018 Letter"). The April 26, 2018 Letter informed Milano that:

> *"The Buying Dept, has determined all deductions as valid and has declined all claims….*
>
> *This is the final decision for all claims and per Steven Ezzo, Lisa Pena and Lisa Garfield and will not be reviewed again going forward and cannot be disputed a second time."*

27. A copy of the April 26, 2018 Letter from TJX to Milano is attached as **Exhibit 8.**

28.     On or about June 29, 2018, Lazarus & Lazarus, P.C. sent a letter on behalf of Milano to TJX demanding that the Wrongful Chargebacks be reversed and that immediate payment be made to Milano (the "June 29, 2018 Letter"). A copy of the June 29, 2018 Letter is attached as **Exhibit 9.**

29.     On or about July 13, 2018, Lazarus & Lazarus, P.C. sent an additional letter to TJX reiterating the requests made in the June 29, 2018 Letter (the "July 13, 2018 Letter"). A copy of the July 13, 2018 Letter is attached as **Exhibit 10.**

30.     In or around July 19, 2018 and September 24, 2018, Lazarus & Lazarus, P.C. on behalf of Milano communicated with Mr. Tyler Sparrow, Esq. regarding the Wrongful Chargebacks via email Said emails are attached as **Exhibit 11.**

31.     Despite Milano's repeated efforts, TJX refused and/or failed to reverse the Wrongful Chargebacks and make payment of the amount owed to Milano for the products it received and accepted from Milano.

32.     The conduct of TJX as alleged herein constitutes an unfair and deceptive act in that there is no justifiable excuse for TJX's non-payment of the amounts due to Milano hereunder.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

33.     Plaintiff Milano incorporates all numbered paragraphs set forth above.

34.     The Terms and Conditions of the TJX purchase orders constitute a contract for sale of products between TJX and Milano.

35.     Commonwealth of Massachusetts law applies to the contracts of sale between Milano and TJX.

36. Milano performed its contractual obligations pursuant to its agreements with Milano.

37. TJX accepted Milano's product deliveries.

38. Despite Milano's repeated requests for reversal of the Wrongful Chargebacks, TJX has failed to reverse them and to make payment to Milano.

39. Among other things, TJX's purchase orders and Milano's invoices constituted contracts between Plaintiff Milano and Defendant TJX.

40. TJX breached its contracts with Milano.

41. As a result of TJX's breaches Milano has suffered economic damages in an amount to be determined at trial, but not less than $756,982.18.

**SECOND CAUSE OF ACTION**
(Account Annexed)

42. Plaintiff Milano incorporates all numbered paragraphs set forth above.

43. By sending corresponding invoices and emails reminding TJX of payment, Milano regularly rendered statements of account for the products to TJX.

44. TJX accepted the account as correct and agreed to pay as it did not object to the account within a reasonable time.

45. TJX has failed to reverse the Wrongful Chargebacks levied against Milano's invoices despite Milano's repeated requests to do so.

46. TJX is now indebted to Milano under the account annexed in the sum of $756,982.18, and Milano is entitled to recover that sum.

**THIRD CAUSE OF ACTION**
(Unjust Enrichment)

47. Plaintiff Milano incorporates all numbered paragraphs set forth above.

48. In the unlikely event this Court determines no contract or account existed between Milano and TJX, Plaintiff Milano pleads a claim of unjust enrichment.

49. TJX has derived substantial financial benefits by accepting products from Milano.

50. Equity and good conscience require TJX's restitution of the benefits it unjustly received in connection with the Wrongful Chargebacks in the amount of the reasonable value of the products concerning the Wrongful Chargebacks, but in an amount not less than $756,982.18.

## **FOURTH CAUSE OF ACTION**
(Chapter 93A Claim)

51. Plaintiff Milano incorporates all numbered paragraphs set forth above.

52. Section 2 of the Massachusetts Consumer Protection and Unfair Trade Practices Act, Mass. Gen. Laws ch. 93A, makes it unlawful for any person to engage in "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id*. § 2.

53. Section 11 of chapter 93A establishes a cause of action for "[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two," and further provides for the award of treble damages, attorneys' fees, costs and equitable relief. *Id*.

54. Milano is engaged in trade or commerce as defined by Massachusetts General Laws chapter 93A, Sections 1 and 11.

55. TJX is engaged in trade or commerce as defined by Massachusetts General Laws chapter 93A, Sections 1 and 11.

56. TJX has unilaterally and wrongfully alleged and credited itself chargebacks totaling $756,982.18

57. TJX has unilaterally and wrongfully alleged and asserted a so called "Settlement Agreement" where no such agreement was made by Milano.

58. By virtue of the acts, conduct, and practices described above, TJX has engaged in unfair methods of competition and unfair and deceptive trade practices in willful and knowing violation of Sections 2 and 11 of Massachusetts General Laws chapter 93A. TJX's conduct constituting unfair methods of competition and unfair and deceptive trade practices occurred primarily and substantially within the Commonwealth of Massachusetts.

59. Milano has suffered and continues to suffer damages as a result of TJX's unfair methods of competition and unfair and deceptive trade practices in an amount to be determined at trial.

60. TJX is liable to Milano for treble the actual damages proven at trial, together with attorneys' fees, interest and costs.

61. For reason of the aforesaid Plaintiff Milano is entitled to damages in the sum of $756,982.18, plus interest, costs and attorney's fees plus up to three (3) but not less than two (2) times the amount of actual damages together with attorney's fees because of TJX's acts and practices of unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Milano respectively requests this Court enter a judgment against Defendant TJX as follows:

a. For compensatory, consequential damages, and incidental damages in an amount to be determined at trial, but in any event not less than $756,982.18;

b. Double or treble damages arising out of TJX's breach of M.G.L. c. 93A;

c. Attorneys' fees and costs pursuant to M.G.L. c. 93A, § 11; and

d. For Plaintiffs attorneys' fees and costs of this action;

e. For pre-judgment interest from the date of the breach at the rate of 12% per annum; and

f. For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Milano hereby demands a trial by jury on all issues so triable of right.

Dated: Newton, Massachusetts
January 17, 2019

                        LAW OFFICES OF
                        RICHARD L. BLUMENTHAL

                        By: /s/ Richard L. Blumenthal
                        Richard L. Blumenthal BBO#047150)
                        Law Offices of Richard L. Blumenthal
                        Suite 205
                        51 Winchester Street
                        Newton, MA  02461
                        Telephone: (617) 527-1150
                        Facsimile: (617) 964-8676
                        Email: RichardLBlumenthal@gmail.com
                        *Attorneys for Plaintiff Milano Italian Fashion Inc. d/b/a Italia Import and Export Center*

Account Annexed

| Number | Wrongful Chargeback Amount | Exhibit # Proving Invalidity of Chargeback |
|---|---|---|
| 1 | $43,045.52 | 1 |
| 2 | $64,489.14 | 2 |
| 3 | $136,595.50 | 3 |
| 4 | $148,938.23 | 4 |
| 5 | $238,400.03[2] | 5 |
| 6 | $125,513.76 | 6 |
| **TOTAL** | **$756,982.18** | |