UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILANO ITALIAN FASHION, INC., d/b/a ITALIA IMPORT & EXPORT CENTER, <br><br> Plaintiff, <br><br> v. <br><br> THE TJX COMPANIES, INC., d/b/a TJ MAXX, <br><br> Defendant. | CA No. 1:19-CV-10105-FDS |

## AMENDED STIPULATED PROTECTIVE ORDER

WHEREAS, plaintiff Milano Italian Fashion, Inc. d/b/a Italia Import & Export Center ("Milano") and defendant The TJX Companies, Inc. d/b/a TJ Maxx (collectively, the "Parties" or, individually, a "Party"), through their respective counsel and pursuant to Fed. R. Civ. P. 26, have stipulated to the following matters and procedures for the handling of documents and other information that may be produced by the Parties or non-parties, or otherwise generated, during discovery in the above-captioned action (the "Litigation") that may contain information of a confidential, secret, proprietary or highly-sensitive nature (the "Confidential Information" or "Highly Confidential Information") of the Parties or of non-parties; and

WHEREAS, the Court has reviewed the terms and conditions of this Stipulated Protective Order submitted by the Parties:

IT IS HEREBY STIPULATED AND ORDERED THAT:

00920196.1

1. Any Party or non-party from whom discovery is sought in this matter pursuant to the Federal Rules of Civil Procedure ("Non-Party"), may designate any document, testimony, tangible thing or other information produced, disclosed or submitted by that Party or Non-Party as "Confidential" which that Party or Non-Party, in good faith, deems to incorporate or embody non-public confidential business information or personally sensitive information.

2. Any Party or Non-Party from whom discovery is sought in this matter pursuant to the Federal Rules of Civil Procedure, may designate any document, testimony, tangible thing or other information produced, disclosed or submitted by that Party or Non-Party as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter referred to as "Highly Confidential or Highly Confidential Information") for the purpose of preventing the disclosure of information or materials which, if disclosed to the receiving Party (or Non-Party), might cause competitive harm to the Party or Non-Party.. Before designating any specific information as Highly Confidential the designating Party or Non-Party's counsel shall make a good faith determination that the information warrants such protection.

## DESIGNATION OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

3. Any Party or Non-Party may designate as "Confidential" any document, testimony, tangible thing or other information produced, disclosed or submitted by that Party or Non-Party by placing, stamping or otherwise affixing on each page of the material the legend "Confidential" or by identifying the tangible thing with reasonable specificity and designating it as "Confidential." Oral testimony in a deposition may be designated as "Confidential" by oral request on the record in the deposition (or in writing within thirty (30) days of the receipt of the

deposition transcript by the designating Party or Non-Party). The written transcript will bear the legend described above. Any Party serving a discovery request on a Non-Party shall include a copy of this Stipulation with the discovery request.

4. Any Party or Non-Party may designate as Highly Confidential Information any document, testimony, tangible thing or other information produced, disclosed or submitted by that Party or Non-Party, in accordance with Paragraph 2 above, by placing, stamping or otherwise affixing on each page of the material the legend "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO STIPULATED PROTECTIVE ORDER" or by identifying the tangible thing with reasonable specificity and designating it as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO STIPULATED PROTECTIVE ORDER."

5. Unless a document or other information is (a) otherwise available to the general public, (b) was or is acquired in good faith from a person not a Party or Non-Party producing the information in this litigation and having the right to disclose such information, or (c) was or is discovered or created independently by the receiving Party, material designated as "Confidential" pursuant to Paragraph 3 or as "Highly Confidential" pursuant to Paragraph 4 above shall be used by any recipient thereof solely for the purposes of this Litigation and shall not be disclosed to any person other than a person permitted hereby to receive such information as set forth in Paragraph 6 and Paragraph 7, respectively and in connection with the prosecution or defense of this action. Nothing herein shall be deemed to restrict in any manner any Party's dissemination or use of its own Confidential Information or Highly Confidential Information.

6. A receiving Party may disclose Confidential Information of another Party or Non-Party to only the following: (1) the Parties; (2) counsel for the Parties (and those employed by

counsel); (3) experts (subject to Paragraph 5 below); (4) court reporters, videographers, copy or duplication companies, and other outside service providers employed in connection with this Litigation; (5) the Court (subject to impoundment procedures set forth in this Agreement and Local Rule 7.2 to the extent a Party seeks to file documents that contain Confidential Information); (6) witnesses in any deposition or other proceeding held in this Litigation who are, from the face of the Confidential Information, or are otherwise established to be, authors or recipients of such information; (7) arbitrators, mediators or other alternative dispute providers; and (8) insurers of any Party (including third-party administrators, agents, representatives, auditors and reinsurers).

7. A receiving Party may disclose Highly Confidential Information of another Party or Non-Party to only the following: (1) Persons who appear on the face of Designated Materials marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO STIPULATED PROTECTIVE ORDER" as an author, addressee, or recipient thereof; (2) Counsel for the parties to this action; (3) Expert for the parties to this action; (4) The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court; but any public filing would be under seal or similar restriction to prevent public disclosure; (5) Any mediator employed by the Parties and his or her staff; and (6) Court reporters retained to transcribe depositions. Note: Court reports are not authorized to attach Highly Confidential materials to any transcripts.

8. Prior to the disclosure of any Confidential or Highly Confidential Information to any expert, consulting or otherwise, retained in connection with this Litigation, the Party seeking to make the disclosure will obtain from said expert written confirmation that he or she

agrees to be bound by the terms of this Order through the execution of the Declaration at Exhibit A.

9. A Party seeking discovery from a Non-Party shall provide a copy of this Stipulated Protective Order to each Non-Party required to produce documents or otherwise formally disclose information in response to discovery requests during this action. Such Non-Parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Stipulated Protective Order through the execution of the Declaration at Exhibit A.

10. A Party or Non-Party may, within ninety (90) days of discovery that it has inadvertently and unintentionally produced material that it considers to be "Confidential Information" or Highly Confidential without the required legend pursuant to Paragraph 2 and Paragraph 3, above, designate such material as "Confidential" or "Highly Confidential" by notifying the recipient(s), which recipient(s) shall affix, or arrange to have affixed, at the designating Party's or Non-Party's expense, the required legend pursuant to Paragraph 2 and Paragraph 3, respectively, above.

11. If a Party receiving Confidential Information or Highly Confidential Information objects to it being designated as such, such Party shall first make its objection known to the designating Party, in writing, requesting any desired change of designation. If the designating Party refuses the change, or if a resolution is not achieved within a reasonable period of time after receipt of such notice, then the receiving Party may request a discovery conference with the Court to request an order changing or removing the designation at issue. The Party making the request shall have the burden of showing good cause as to why a Confidential Information or Highly Confidential Information designation under this Protective Order should be changed or removed.

## IMPOUNDMENT PROCEDURE

12. To the extent that it is necessary to file Confidential Information or Highly Confidential Information or any document or pleading disclosing the contents thereof in connection with proceedings in this action, the Party wishing to submit any such filing, prior to or simultaneously with such filing, shall on each occasion move, pursuant to Local Rule 7.2, for an order of impoundment.

13. Documents or pleadings containing Confidential Information or Highly Confidential Information shall be filed with the Clerk of the Court in a sealed envelope bearing the caption of the case and the label "DOCUMENTS UNDER SEAL. CONTAINS CONFIDENTIAL (OR HIGHLY CONFIDENTIAL) INFORMATION SUBJECT TO A PROTECTIVE ORDER" or as otherwise directed by the Court. The materials so filed will be impounded until sixty (60) days after the entry of final judgment herein, at which time the counsel who submitted the filing shall retrieve the materials and certify to opposing counsel that the materials have been so retrieved. Counsel shall retain the materials, subject to further order of the Court for thirty (30) days after the final termination of this action, including any applicable appeal period. The materials shall thereafter be handled in accordance with the Stipulated Protective Order.

14. When Filings are made under seal, the Parties agree to file through the Court's Electronic Filing Procedures redacted versions of such filings with any Confidential Information or Highly Confidential Information removed. In complying with this requirement, the Parties shall exercise good faith in redacting Confidential and Highly Confidential Information of other parties.

## NO WAIVER OF PRIVILEGES

15. Nothing herein shall modify the law regarding the attorney-client privilege, the work-product doctrine, or any other applicable privileges. Nothing contained herein shall be deemed a waiver of any Party's or Non-Party's rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or trial of any matter discovered and nothing contained herein shall limit or expand the permissible scope of discovery in the Litigation.

16. Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity if, after recognizing that privileged information has been produced or disclosed, the Party who made the inadvertent production or disclosure sends to each receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the putatively privileged information has been produced or disclosed. Such inadvertently disclosed information, and all documents, including copies, containing inadvertently disclosed information, shall be returned or destroyed at the request of the producing Party. No waiver shall be deemed to have occurred pending the Court's ruling on the receiving Party's application. If the receiving Party does not make such application within fourteen (14) days of receipt of the written notice, no waiver shall be deemed to have occurred. Absent a ruling by the Court as above, no other use may be made of such information subsequent to the request to return or destroy same. Nothing in this Protective Order shall limit the receiving Party from requesting that the Court order the production of any such inadvertently disclosed information.

# MISCELLANEOUS

17. If a Party in possession of Confidential Information or Highly Confidential Information receives a subpoena or other compulsory process from a non-party to this Agreement seeking production or other disclosure of Confidential Information or Highly Confidential Information, that Party shall give notice to counsel for the producing Party as soon as practicable after receipt of the subpoena or other compulsory process, so that the producing Party has the opportunity, if it elects to do so, to object to production. The Party subject to the subpoena shall not produce such Confidential Information or Highly Confidential Information under a subpoena or compulsory process until the objection period for the subpoena or other compulsory process has expired, unless otherwise required by law. In the event that production of such documents is made, they shall still be treated as confidential by the Parties to this Agreement.

18. Any Confidential Information or Highly Confidential Information or documents containing Confidential Information or Highly Confidential Information shall be destroyed and counsel for any receiving Party shall confirm the destruction of the Confidential or Highly Confidential documents and information in writing to the producing Party or Non-Party within a reasonable time after conclusion of this Litigation. Notwithstanding the above, counsel for all Parties may maintain in their files or in their computer databases copies of Confidential Information or Highly Confidential Information, subject to this Agreement. Further, nothing in this paragraph shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information or Highly Confidential Information. As far as the provisions of this or any other Confidentiality Agreement or Protective Order entered in this action restrict the use of Confidential Information or Highly Confidential

Information, such Confidentiality Agreements and Protective Orders shall continue to be binding after the conclusion of this action.

SIGNED THIS 17th day of October, 2019

*/s/ F. Dennis Saylor*
F. DENNIS SAYLOR
UNITED STATES DISTRICT JUDGE